**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | NO. 1:01-CR-246 |
| | § | |
| ALBERTO GOMEZ-RIVAS | § | |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
FOR OFFENDER UNDER SUPERVISION**

Pending is a "First Amended Petition for Warrant or Summons for Offender Under Supervision" filed March 27, 2012, alleging that the Defendant, Alberto Gomez-Rivas, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. The Original Conviction and Sentence**

The Defendant was sentenced on August 20, 2002, before the Honorable Howell Cobb, United States District Judge for the Eastern District of Texas, after pleading guilty to the offense of deported alien found in the United States subsequent to an aggravated felony conviction (a Class C felony). The offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 21 and a criminal history category of VI, was

77 to 96 months. The Defendant was sentenced to 77 months' imprisonment, followed by 2 years' supervised release subject to the standard conditions of release, plus special conditions to include: not commit any new offenses against a foreign state or national surrender to immigration officials; drug treatment; mental health treatment; and a $100 special assessment.

## II. The Period of Supervision

The Defendant completed his period of imprisonment on August 7, 2007 and was deported to Mexico, thus, beginning his term of supervised release.

## III. The Petition

United States Probation filed a Petition for Warrant for Offender under Supervision on November 12, 2008 identifying one violation. On March 27, 2012, the pending First Amended Petition for Warrant or Summons for Offender Under Supervision was filed by Probation identifying the same violation, but correcting the date upon which supervision commenced to August 7, 2007.

## IV. Proceedings

On March 28, 2012, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the government and the Defendant announced an agreement as to a recommended disposition. The Defendant agreed to plead "true" to the only allegation, which asserted that he violated a special condition of supervised release, to wit: "The defendant shall not commit another federal, state, or local crime." The petition alleged that on July 21, 2008, the Defendant pled guilty to one misdemeanor count of illegal entry and two felony counts of illegal entry and was sentenced in the Southern District of California to 6 months' imprisonment

for the misdemeanor count and 24 months' for each felony count by U.S. District Judge M. James Lorenz. The misdemeanor count was ordered to run concurrently to the felony counts, while the felony counts were to be run consecutively.

The parties agreed the court should revoke the Defendant's supervised release and impose a sentence of twenty (20) months' imprisonment, with no term of supervised release to be imposed thereafter.

## V.  Principles of Analysis

If the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the Defendant violated a condition of supervised release, it may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision.  18 U.S.C. § 3583(e)(3).  The original offense of conviction was a Class C felony; therefore, the maximum imprisonment sentence is 2 years.

According to U.S.S.G. § 7B1.1(a), if the Court finds by a preponderance of the evidence that the Defendant violated a condition of supervision by committing another federal, state, or local crime, the Defendant will be guilty of committing a Grade B violation and the Court shall revoke probation or supervised release.

In the case of revocation of supervised release based on a Grade B violation and a criminal history category of VI, the guideline imprisonment range is 21 to 27 months; however, because the original offense was a Class C felony, the maximum imprisonment sentence is 2 years.  Therefore, the guideline imprisonment range is 21 to 24 months' imprisonment.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the allegation that he violated his conditions of supervised release by committing another federal, state, or local crime. Based upon the Defendant's plea of "true" to this allegation of the First Amended Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated conditions of supervised release.

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a). The Defendant's violation is a Grade B violation, and his criminal history category is VI. Policy guidelines suggest 21 to 24 months' imprisonment. The Defendant did not

comply with the conditions of his supervision, and he has demonstrated an unwillingness to adhere to conditions of supervision by entering and re-entering the United States on several occasions. As such, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation will best be served by a twenty (20) month term of incarceration. The undersigned agrees that a one month variance from the guidelines is appropriate in light of the statutory factors and the parties' agreement. The Defendant's term of incarceration is just 4 months less than the maximum guideline sentence.

Furthermore, according to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and the Defendant is required to serve a term of imprisonment, the court may include a requirement that the Defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. Under U.S.S.G. § 7B1.3(g)(2), where supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment that can be imposed upon revocation, the court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by the same statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. The undersigned finds that the twenty (20) month term of imprisonment is adequate, and does not recommend a term of supervised release.

## VII. Recommendations

1. The court should find that the Defendant violated a special condition of supervised release by committing another federal, state, or local crime.

2. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583; and

3. The Defendant should be sentenced to a term of imprisonment of twenty (20) months, with no term of supervised release thereafter. The term of imprisonment is to be served at the Fort Worth Medical Facility, if possible.

## VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended, and consenting to the imposition of the above sentence recommended in this report. The Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 2nd day of April, 2012.

_____
Zack Hawthorn
United States Magistrate Judge